UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 04-0271 CRB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | ORDER OF DETENTION PURSUANT |
| TEDDY BUSTAMANTE VILLAMOR, | ) | TO 18 U.S.C. § 3143(a) |
| Defendant. | ) | |

This matter came before the Court on July 2, 2009 for a detention hearing on the United States' motion. The matter arises out of the issuance of an arrest warrant based on probable cause to believe that defendant had violated the conditions of supervised release. Defendant Teddy Bustamante Villamor was present and represented by Shawn Halbert, Esq. Assistant United States Attorney Kirstin M. Ault appeared for the United States of America. U.S. Probation was represented by Probation Officer Dan Zurita, who opposed release.

Because the defendant is charged with a violation of supervised release, the burden of establishing that he is not

1  a flight risk rests with the defendant.  Fed. R. Crim. P.
2  32.1(a)(6); 18 U.S.C. 3143.  Having considered everything
3  before me in this matter, I find that defendant has not
4  established by clear and convincing evidence that defendant is
5  not a risk of flight.  I therefore **ORDER** him detained.  In so
6  finding, I have considered the following:

       1.    Nine separate violations of the defendant's conditions of supervised release are alleged. These violations include allegations that the defendant failed to report in person and in writing to his supervising officer, that he failed to inform his probation officer of law enforcement conduct, and that he failed to make payments on his monetary obligations.

       2.    Defendant also allegedly changed residence and employment without notifying his probation officer.  According to the Petition for Arrest Warrant for Offender Under Supervision ("Petition"), in November of 2007, after providing two-weeks' notice to his employer of his intent to quit and telling the custodian with whom he was living that he was moving out, he failed to inform his probation officer or attorney of his plans.  The defendant was arrested in Texas and returned to this district in approximately June of 2008.  He claimed that he had traveled to Mexico to address a family emergency and that he had been living and

2

|   |   |
|---|---|
| 1 | working in Texas and commuting to Mexico to |
| 2 | address his family's situation.  The defendant |
| 3 | was then released to a halfway house; however, |
| 4 | an outstanding warrant from Nebraska resulted |
| 5 | in his transfer to that jurisdiction.  Although |
| 6 | the Court issued a warrant requiring his return |
| 7 | to this jurisdiction upon resolution of the |
| 8 | Nebraska matter, the defendant was released in |
| 9 | Nebraska.  Instead of returning to this |
| 10 | jurisdiction or calling his probation officer |
| 11 | or attorney, the defendant returned to Texas, |
| 12 | where he again began traveling to and from |
| 13 | Mexico.  Although the defendant contacted the |
| 14 | public defender's office in December of 2008 |
| 15 | and again in April or May of this year, he |
| 16 | remained at large.  The defendant self- |
| 17 | surrendered to authorities in Texas in June of |
| 18 | 2009. |

3. The defendant has been a methamphetamine user. The Petition alleges that the defendant failed to report to numerous drug counseling appointments beginning in September of 2007 and for urinalysis testing on multiple occasions from January through December of 2007.  In this Court's experience, defendants who are methamphetamine users have reliability problems.

While the Court is conscious that the defendant's

1 decision to self-surrender demonstrates a willingness to take
2 responsibility for his past failures on supervision, the Court
3 cannot ignore the defendant's history of repeated violations
4 of the conditions of release.  The defendant's conduct in
5 failing to comply with conditions of release in this matter is
6 consistent with his prior criminal history.  The Court finds
7 that his history of disobeying this Court's orders and leaving
8 the jurisdiction without informing the Court and seeking
9 permission to address family or other matters, indicates that
10 he is unlikely to obey future orders of this Court to remain
11 in the jurisdiction and appear before the Court as ordered.
12 Put another way, the Court is not satisfied that if released
13 and another "family emergency" arose, he would not fail to
14 appear again.
15     For the reasons stated above, the Court finds that the
16 defendant has failed to demonstrate by clear and convincing
17 evidence that he does not present a risk of flight or that he
18 is amenable to supervision if he were to be released.
19 Therefore, pursuant to 18 U.S.C. § 3143(a), **IT IS ORDERED**
20 that:
21     (1)  the defendant, Teddy Bustamante Villamor, be, and
22          hereby is, committed to the custody of the Attorney
23          General for confinement in a suitable facility where
24          he shall be afforded reasonable opportunity for
25          private consultation with his counsel; and
26     (2)  on order of a court of the United States or on
27          request of an attorney for the government, the
28          person in charge of the corrections facility in

4

1      which the defendant is confined shall deliver the
2      defendant to an authorized Deputy United States
3      Marshal for the purpose of any appearance in
4      connection with a court proceeding.

5  Dated: July 6, 2009

                                    _____
                                         Bernard Zimmerman
                                    United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2009\VILLAMORE DETENTION ORD FINAL VERSION.wpd